**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                       **v.**         **09-CR-401S(Sr)**

**MICHAEL WAYNE FINCH,**

       **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. Entry dated December 17, 2009.

**PRELIMINARY STATEMENT**

The defendant, Michael Wayne Finch, is charged in a two-count Indictment with having violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Counts 1 and 2). Dkt. #6. The defendant also faces forfeiture of firearms and ammunition pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c). *Id*. Presently pending before this Court is the defendant's motion to suppress physical evidence and statements made by him to law enforcement. Dkt. #11. This Court's Report, Recommendation and Order with respect to defendant's motion to suppress will be addressed and filed separately. Also pending before this Court and related to the defendant's motion to suppress, is the instant motion by the government seeking an Order directing that the handwritten notes

of the Honorable Hugh C. Gee, Town of Lewiston Judge, made during an "*in camera*" proceeding in support of a search warrant application, not be disclosed to defense counsel. Dkt. #18. For the following reasons, the government's motion with respect to Judge Gee's handwritten notes is granted and the copy of the handwritten notes supplied to the undersigned by the Town of Lewiston Court Clerk on or about April 15, 2010 pursuant to an Order of this Court (Dkt. #15) shall remain under seal as part of the Court's file.

## **FACTS**[1]

On November 19, 2009, New York State Police Investigator John DiPasquale, by way of affidavit, applied to the Honorable Hugh C. Gee for a search warrant to search a "A White Dodge Conversion Van, having Vehicle Identification Number 2B6HB21Y2LK781883, which is registered with the New York State Department of Motor Vehicles to a Michael W. Finch, and bears New York Registration Plate EVN 2005. To include any Attached Trailer or other Cargo Type Equipment Present with the Vehicle." Dkt. #18, ¶ 2. At the time he applied for the search warrant, Investigator DiPasquale was accompanied by a "Concerned Citizen" to the Lewiston Town Court. *Id*. at ¶ 3. The Concerned Citizen appeared *in camera* before Judge Gee, was sworn and, in response to questions posed by Judge Gee, provided information in

---

[1] The facts herein are taken from the Affidavit of Assistant United States Attorney Richard P. Maigret dated and filed on May 20, 2010 submitted in support of the instant motion concerning Judge Gee's notes. Dkt. #18.

support of the application for the search warrant. *Id*. During the *in camera* proceeding, Judge Gee took handwritten notes confined to one side of a single 8.5 x 11 page.

Following the execution of the search warrant, several firearms and ammunition were discovered and thereafter, the defendant was initially charged in a criminal complaint (Dkt. #1) and was later indicted by a Federal Grand Jury sitting in the Western District of New York (Dkt. #6). Consistent with this Court's First Amended Scheduling Order (Dkt. #9), the defendant filed his motion to suppress on February 26, 2010 (Dkt. #11). The government filed its response to the defendant's motion to suppress on March 16, 2010 (Dkt. #12) and thereafter, the defendant filed a reply in further support of his motion on March 22, 2010 (Dkt. #13). Oral argument on defendant's motion to suppress was held on March 25, 2010. During the March 25, 2010 oral argument, the government conceded that in order for the Court to properly consider the merits of the defendant's motion to suppress, the Court should review any audio tape recording, any transcript and any handwritten notes concerning the search warrant application and any *in camera* testimony before Judge Gee. Dkt. #14-2, ¶6. At the conclusion of oral argument, the government agreed to file a motion seeking an order compelling the production and delivery to the government of a copy of any audio tape recording, any transcript, and any handwritten notes in relation to any *in camera* testimony before Judge Gee. The government's motion to compel was filed on March 29, 2010. Dkt. #14. This Court granted the government's motion to compel on March 30, 2010. Dkt. #15.

On or about April 15, 2010, the undersigned received a letter from the Town of Lewiston Court Clerk enclosing a sealed envelope containing the handwritten notes of Judge Gee. The Court held a status conference on April 30, 2010 concerning the handwritten notes. During the status conference, the Court gave counsel for the government an opportunity to review Judge Gee's handwritten notes and noted that there was nothing on the face of the handwritten notes that revealed the name of the Concerned Citizen or set forth any other personally identifying information. Thereafter, the Court provided the government with the opportunity to confer with Investigator DiPasquale as to whether there was anything in Judge Gee's handwritten notes that was so singular so as to effectively identify the Concerned Citizen, notwithstanding the fact that the handwritten notes did not contain a name or other personally identifying information. The Court gave counsel for the government until May 3, 2010 to advise the Court of its position regarding the disclosure of Judge Gee's handwritten notes to counsel for the defendant. Consistent with this Court's direction, on May 3, 2010, counsel for the government advised the Court that it objected to the disclosure of Judge Gee's handwritten notes to defense counsel and would file a motion seeking the non-disclosure of the handwritten notes. The instant motion was filed on May 20, 2010 (Dkt. #18); the defendant filed his response in opposition to the motion on May 28, 2010 (Dkt. #19) and thereafter, the government filed a reply on June 4, 2010 (Dkt. #20). This Court heard oral argument on the government's motion on June 9, 2010.

## **DISCUSSION AND ANALYSIS**

In support of its motion seeking the non-disclosure of Judge Gee's handwritten notes, the government indicates that it has reviewed the handwritten notes with the case agent and that based upon this review, the government has determined that the notes,

> contain certain information that is so singular in nature that if it became known to the defendant, it would reveal the identity of the CC [Concerned Citizen]. Furthermore, the CC [Concerned Citizen] has expressed what law enforcement authorities believe to be a legitimate fear for his/her safety should his/her identity become known to the defendant. The government does not intend to call the CC [Concerned Citizen] as a witness at trial of this indictment.

Dkt. #18, ¶ 9. In addition to the foregoing, the government maintains that the disclosure of Judge Gee's handwritten notes pertaining to the *in camera* proceeding is neither required nor justified in the present case. *Id*. at ¶ 10. Morever, the government further explains,

> [i]t is clear and indeed not contested that the CC was present and did offer sworn testimony to the issuing magistrate in support of the search warrant at issue in this case. It is equally clear and uncontested that the issuing magistrate found the testimony of the CC to be relevant and reliable in his assessment of whether probable cause existed such as to justify the issuance of a search warrant, simply by the fact that he issued the warrant after the in camera hearing.[2] Production or disclosure of the [sic] Judge

---

[2] In its opposition to the government's motion seeking non-disclosure, the defendant disagrees with the government's statement that it is uncontested that Judge Gee found the testimony of the Concerned Citizen to be relevant and reliable. Indeed, the defendant does contest the reliability of the *in camera* informant. Dkt. #19, p.1. More specifically, the defendant reiterates his argument that the warrant lacked probable case and further, that there is a question of reliability of the informant. *Id*. at pp.1-2.

> Gee's handwritten notes does not in any way change these
> facts. Further, any re-assessment of whether sufficient
> probable cause existed for Judge Gee to issue the search
> warrant can be made by the present Court without recourse
> to producing or disclosing his handwritten notes. As the
> hand written notes of Judge Gee are available to this Court,
> further disclosure does not aid or affect this Court's ability to
> consider whether sufficient probable cause existed to
> sustain the warrant.

*Id*. at ¶ 10 (footnote added).

In addition to the factual bases the government articulates in support of its motion for non-disclosure of Judge Gee's handwritten notes, the government argues that the Concerned Citizen in the instant case is essentially a confidential informant and pursuant to *Roviaro v. United States*, the government has a qualified right to withhold information concerning the identity of a confidential informant that it does not intend to call as a witness at the trial. Dkt. #18, ¶ 11; *Roviaro v. United States*, 353 U.S. 53 (1957). In its application of the Supreme Court's holding in *Roviaro*, the Second Circuit stated in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989):

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623,
> 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. See *United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show

> that the testimony of the informant "would have been of even
> marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Relying on *Roviaro*, the government argues that the privilege to withhold the identity of a confidential informant "exists in order to encourage citizens to report criminal activity to law enforcement officials by protecting the citizen's anonymity. In the present case, concerning a pre-trial issue, there is no need for the disclosure of the [Concerned Citizen's] identity, which would result from the production or disclosure of the hand written notes of Judge Gee." Dkt. #18, ¶ 11 (internal citations omitted).

In opposition to the government's motion, the defendant argues that the Supreme Court's decision in *Roviaro* compels the disclosure of Judge Gee's notes to defense counsel. Dkt. #19. Specifically, in his opposition, the defendant states,

> [i]t [the Supreme Court in *Roviaro*] stated that 'where the disclosure of the informer's identity, or of the contents of this communication, is relevant and helpful to the defense of an accused, or <u>is essential to a fair determination of a cause</u>, the privilege must give way.' It went on to state that '[m]ost of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search warrant is in issue and the communications of an informer are claimed to establish probable cause. <u>In these cases, the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.</u>

Dkt. #19, p.3 (emphasis in original).

Alternatively, the defendant argues that should the Court decide to consider Judge Gee's notes, without disclosure to defense counsel, in its determination

-8-

of whether there was sufficient probable cause to support the search warrant at issue here, the Court should examine the notes for the following: identification of the informant by name; evidence that Investigator DiPasquale testified that he was personally familiar with the informant's reliability and credibility; the ability of the informant to have perceived the events about which he testified; the basis of the informant's information; the "detail of the description of any incriminating information;" the use of hearsay in acquiring incriminating information; and an assessment as to whether any incriminating information was stale. *Id*. at p.4.

As noted above, this Court's Report, Recommendation and Order with respect to defendant's motion to suppress physical evidence and statements, including the defendant's assertion that the search warrant was not supported by probable cause, will be addressed and filed separately. After having the opportunity to conduct an *in camera* review of Judge Gee's handwritten notes, as well as the application for a search warrant and the affidavit of Investigator John DiPasquale submitted therewith, this Court finds that the disclosure of the contents of Judge Gee's handwritten notes would be tantamount to the disclosure of the Concerned Citizen's identity and such disclosure is neither relevant nor helpful to the defense. Moreover, this Court further finds that such disclosure is not essential to the fair determination of the issues currently before this Court, *to wit*: defendant's motion to suppress. Accordingly, the government's motion seeking an Order precluding the disclosure of Judge Gee's handwritten notes is granted.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
              July 30, 2010

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**